UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHIAS JIMMY FRANCOIS                                     CIVIL ACTION

VERSUS                                                                      NO. 10-4263

CITY OF NEW ORLEANS                                         SECTION "N" (2)

**REPORT AND RECOMMENDATION**

Plaintiff, Matthias Jimmy Francois, filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the City of New Orleans. He alleges that he was wrongfully arrested on May 13, 2007, physically and sexually abused, subjected to excessive force and denied medical attention for his injuries, all in connection with his 2007 arrest. Record Doc. No. 3 (Complaint). This is one of several similar complaints involving incidents allegedly occurring on later, different dates recently filed in this court by this plaintiff. See Francois v. Blandford et al., 10-1330 "C"(4); Francois v. Jefferson Parish, 10-4264 "C"(4); and Francois v. Gretna City, 10-4265 "C"(4). All of these other cases remain open and pending.

Specifically, plaintiff alleges in his complaint the following:

"I was arrested by New Orleans Police Officer Brain (sic) Sullivan . . . on 5/13/07 on Gen. Meyer in the City of New Orleans. I was inside a park[ed] veheical (sic) when I saw [Officer Sullivan] step out [of] his police car and approach my car. When [Officer Sullivan] arrived at my car he told me that I'm going to jail for possession of marijuana. I was than (sic) placed inside of [Officer Sullivan's] N.O.P.D. car. He took me to a New Orleans 4th District Police Station where he choke[d] me until I was rendered

unconscious. After I regain[ed] concious (sic) I found myself being stomp[ed] on the chest and back repeatedly . . . . After [Officer Sullivan] was finished[ed] stomping on me he pulled my pants down and stuck his fingers inside of my rectum searching for marijuana, causing my rectum to bleed profusely.  [Officer Sullivan] told me he is going to charge me with possession of marijuana and I will be taken to Orleans Parish Prison.  It old Officer Sullivan to call an ambulance and he said shut up or I will kill you. Upon arriving at Orleans Parish Prison I told the jailhouse intake nurse I was sexually assaulted and beaten by [Officer Sullivan] and I need[ed] medical attention for my rectum and my chest and back. The jailhouse nurse did not treat are (sic) attend to my medical needs. . . . I also asked the deputies for help and medical attention, but was denied.  When I was held in the custody of Orleans Parish Prison I was beaten and rape[d] under the supervision of the Deputies of the Orlean[s] Parish Prison. When I had my day in court I told the D.A. and the judge I'm not guilty and I was beaten and sexually assaulted by [Officer Sullivan]. The D.A. and the judge told me to get out of the courtroom and the D.A. dropped the charge of possession of marijuana. I also told the D.A. I was rape[d] while in the custody of Orleans Parish Prison."

Id. at pp. 1 and 2.

Plaintiff states that he is "suing the City of New Orleans for seventy million dollars" and is "seeking damages for loss of earnings, loss of earning capity (sic), physical pain and suffering, exemplary damages, interest and court cost."  Id. at p. 2.

## ANALYSIS

I.   STANDARDS OF REVIEW

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2)(B).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ."  Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).  An in forma pauperis complaint that is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading[1] because it is barred by the applicable statute of limitations.

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

II.     STATUTE OF LIMITATIONS/PRESCRIPTION

Francois's Section 1983 claim based upon his May 13, 2007 arrest and events occurring shortly thereafter is barred by the applicable statute of limitations, or the concept of "prescription" under analogous Louisiana law.  The district court may raise the limitations defense sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915.  Wilke v. Meyer, 345 F. App'x 944, 945 (5th Cir. 2009), cert. denied, 130 S. Ct. 2346 (2010); Lopez-Vences v. Payne, 74 F. App'x 398, 398 (5th Cir. 2003); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

Although Section 1983 has no statute of limitations, the Louisiana prescription statute is applicable to suits in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims.  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

4

Federal law determines when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).  Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."  Id.; accord Dixon, 260 F. App'x at 729.

Plaintiff's claims in this case are based on incidents that occurred on May 13, 2007, according to plaintiff's complaint, and shortly thereafter.  Plaintiff had one year until sometime in May 2008 or shortly thereafter, within which to file suit.

The date when the clerk of court receives the complaint, rather than the formal filing date, establishes the time of filing in forma pauperis complaints.  Martin v. Demma, 831 F.2d 69, 71 (5th Cir. 1987).  The records of the Clerk of Court establish that this complaint in fact was tendered to the Clerk of Court for filing in this court on November 8, 2010, when Francois physically delivered it to the Clerk's Office.  It was

formally filed on November 16, 2010, after the court granted plaintiff's motion for leave to proceed in forma pauperis. Record Doc. Nos. 1, 2, 3. In this case, although the complaint itself is undated, Francois dated his application to proceed in forma pauperis on the same day. Record Doc. No. 1 at p. 2. Plaintiff's complaint is therefore considered to have been filed and this action commenced on November 8, 2010 for limitations purposes. Thus, claims arising before November 8, 2009, are barred by prescription.

In this case, Francois asserts claims arising from his May 13, 2007 arrest. This suit was filed more than three years later. Under these circumstances, his claims arising from his May 2007 arrest are time-barred and must be dismissed due to expiration of the one-year statute of limitations.

III.   DUPLICATIVE CLAIMS

To whatever extent, if any, that Francois seeks to append to his basic claim in this case concerning his May 2007 arrest other claims against this defendant concerning his various later incarcerations and arrests, they must also be dismissed as frivolous because they have been asserted in three other recently filed suits that remain pending in this court. Thus, plaintiff's claims are duplicative and therefore malicious as a matter of law and must be dismissed for that reason.

Plaintiff has filed the instant action as a pauper under 28 U.S.C. § 1915. An in forma pauperis complaint shall be dismissed if it is found to be malicious. 28 U.S.C. §

6

1915(e)(2)(B)(i).   Duplicative and repetitive lawsuits are malicious for purposes of Section 1915.  <u>Potts v. Texas</u>, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th Cir. 1993); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . .  In <u>Pittman</u>, the Fifth Circuit Court of Appeals noted that <u>Wilson [v. Lynaugh]</u> "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata."  The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff."  Reading <u>Pittman</u> and <u>Wilson</u> in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.

It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus."  A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

\*   \*   \*   \*   \*

The Court may either consolidate the two actions or dismiss the instant action without prejudice to plaintiff pursuing his other case, "including any assertions therein of any of the claims in the instant suit." "Ordinarily," however, the courts dismiss "the later-filed action . . . in favor of the case that was filed earlier."

7

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

To whatever extent, if any, that Francois attempts to reassert in this case the same claims that have already been asserted in his other filed cases in this court, they must be rejected in this case as duplicative and malicious.  This report and recommendation will have no effect on his claims asserted in his other pending complaints.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and/or as duplicative and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.   Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this _____7th_____ day of December, 2010.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections.  Effective
December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.